DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Brenda Jeanette Gammon, ) | |
| ) | CASE NO. 3:03CV7458 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | ORDER |
| ) | (Resolving Doc. No. 50) |
| Taber H. Hinkle, et al., ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

**I**

Before the Court is Plaintiff Brenda Jeanette Gammon's Motion for Order Authorizing Notice to Class (Doc. No. 50). Gammon has sued her former employer Defendant Hinkle Manufacturing, Inc., and its president Defendant Taber H. Hinkle (collectively Hinkle) for alleged violations of the Fair Labor Standards Act (FLSA). Gammon alleges that Hinkle required her to work overtime hours for which she was not compensated in violation of 29 U.S.C. § 207(a)(1). Hinkle contends that Gammon is a bona fide executive employee and, therefore, exempt from coverage under the FLSA.

Gammon has now filed a Motion for Order Authorizing Notice to Class (Doc. No. 50). She seeks to notify members of her purported class pursuant to 29 U.S.C. § 216(b). This Motion has been fully briefed. (Doc. Nos. 51, 52.) Because the Court concludes that Gammon has not presented sufficient evidence that there are similarly situated employees, the Motion is DENIED.

**II**

Gammon seeks to notify members of her purported class pursuant to 29 U.S.C. § 216(b).

(3:03CV7458)

Section 216(b) authorizes suits by employees on behalf of themselves and other similarly situated employees for violations of the FLSA; however, the similarly situated employees must first consent to becoming plaintiffs.

> An action to recover the liability prescribed . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). It is within the discretion of the district court whether to authorize notice to prospective class members under § 216(b). Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 169-70 (1989).

The FLSA does not define "similarly situated," and neither the Supreme Court nor the Sixth Circuit have defined "similarly situated" in the FLSA context. See Pritchard v. Dent Wizard Int'l Corp., 210 F.R.D. 591, 595 (S.D. Ohio 2002) (quoting Viciedo v. New Horizons Computer Learning Ctr. of Columbus, Ltd., No. 2:01-CV-280, slip. op. at 4 (S.D. Ohio Dec. 4, 2001)[1]). Other courts have held that "the named plaintiff need only show that his position is similar, not identical, to the positions held by the putative class members." Viciedo, No. 2:01-CV-280, slip. op. (internal brackets and quotations omitted) quoted in Pritchard, 210 F.R.D. at 595. Likewise, in the Title VII context, the Sixth Circuit interprets "similarly situated" as meaning that "the plaintiff and the employee[s] with whom the plaintiff seeks to compare himself or herself must be similar, that is nearly identical, in all of the

---

[1] The Viciedo opinion is not available electronically but is heavily quoted in Pritchard. Pritchard, however, provides an incorrect citation; it cites to Viciedo as 2:01-CV-250 when the proper citation is 2:01-CV-280.

2

(3:03CV7458)

*relevant* aspects." Noble v. Brinker Int'l, Inc., 391 F.3d 715 (6th Cir. 2004) (internal brackets and quotations omitted, emphasis in original) (quoting Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998)).[2] Consequently, Gammon must demonstrate that there are other potential plaintiffs who are "nearly identical in all of the relevant aspects."

The parties dispute the amount of evidence that Gammon must present to satisfy her burden of establishing that there are potential additional plaintiffs who are nearly identical in the relevant aspects. Courts generally apply two standards of proof for determining whether the potential class members are similarly situated. Pritchard, 210 F.R.D. at 595. The first allows a plaintiff to rest solely upon allegations in the complaint of class-wide illegal practices. Id. (quoting Viciedo, No. 2:01-CV-280, slip op. at 4-5 (quoting Belcher v. Shoney's, Inc., 927 F. Supp. 249, 251 (M.D. Tenn. 1996))). The second requires a plaintiff to make a modest factual showing that there are similarly situated employees. Id. at 596 (quoting Viciedo, No. 2:01-CV-280, slip op. at 4-5 (citing Severtson v. Phillips Beverage Co., 137 F.R.D. 264, 266 (D. Minn. 1991))).

Here, the parties have been litigating this matter for nearly two years, since July 30, 2003.

---

[2]"The starting point in a statutory interpretation case is the language of the statute itself." United States v. Health Possibilities, P.S.C., 207 F.3d 335, 338-39 (6th Cir. 2000) (citing Group Life & Health Ins. Co. v. Royal Drug Co., 440 U.S. 205, 210 (1979); Vergos v. Gregg's Enter., Inc., 159 F.3d 989, 990 (6th Cir. 1998)). When Congress adopts a term of art from another area of law in constructing a statute, courts presume that Congress intended to adopt the meaning attached to the term of art, unless Congress indicates otherwise. Morissette v. United States, 342 U.S. 246, 263 (1952) quoted in Immigration and Naturalization Serv. v.St. Cyr., 533 U.S. 289, 313, n. 35 (2001). "[A]bsence of contrary direction may be taken as satisfaction with widely accepted definitions, not as a departure from them." Morissette, 343 U.S. at 263, quoted in St. Cyr, 533 U.S. at 313, n. 35.

3

(3:03CV7458)

Discovery has been completed, and Hinkle's Motion for Summary Judgment ruled upon. Trial in this matter is scheduled for the two-week standby period beginning October 11, 2005, less than three months from now. The Court holds that at such a late date in the proceedings a plaintiff must produce some evidence in support of his or her claim that there are other similarly situated employees to justify notice to potential class members. Gammon, however, has not presented any evidence that similarly situated employees exist.

This dispute hinges on a determination of whether Gammon was an exempt employee as a bona fide executive under the FLSA. An employee is employed in a bona fide executive capacity for FLSA purposes under the short test delineated by 29 C.F.R. §§ 541.1(f) if (1) her "primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof" and (2) her primary duty "includes the customary and regular direction of the work of two or more other employees therein." Ale v. Tenn. Valley Auth., 269 F.3d 680, 683-84 (6th Cir. 2002). Gammon concedes that she engaged in managerial duties but disputes that managerial duties were her primary duty. Time is not the sole test for determining whether a plaintiff's primary duties are managerial. Jones v. ENSR Corp., No. 96-3836, 1997 U.S. App. LEXIS 16404, *9 (6th Cir. July 1, 1997) (quoting 29 C.F.R. § 541.103)). Other factors courts consider include "the relative importance of the managerial duties as compared with other types of duties, the frequency with which the employee exercises discretionary powers, [her] relative freedom from supervision, and the relationship between [her] salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor." 29 C.F.R. §541.103 (2002). Thus the

4

(3:03CV7458)

determination of whether Gammon was an exempt employee under the FLSA is dependent upon the peculiar characteristics of her position. Consequently, to demonstrate that there are potential members of a class, Gammon must show that other Hinkle employees held positions with the same or similar peculiar characteristics.[3]

In support of her claim, Gammon cites to multiple depositions of various Hinkle employees. These depositions, however, merely demonstrate that other individuals at Hinkle were not compensated for the overtime hours that they worked and that none of the individuals held a position with characteristics similar Gammon's position. Indeed, nearly all of the individuals cited did not even supervise any employees. In contrast, Gammon did supervise employees, but it remains a question of fact whether supervision was a customary portion of her job . Furthermore, Linda LaFleche, the only individual identified who supervised employees, testified that she spends nearly eighty percent of her time engaged in management activities. Gammon, conversely, contends that she spent less than ten percent of her time engaged in managerial activities. Gammon simply has not presented any evidence that other Hinkle employees held positions with characteristics similar to her own. Consequently, Gammon has not presented sufficient evidence that there are similarly situated employees for the Court

---

[3]Gammon asserts that her purported class would include "past and present salaried, non-exempt employees of Defendants who were not paid for work in excess of 40 hours per week." This class description is faulty. First, the class description is based upon a determination of the Defendants' legal liability rather than factual characteristics that the potential class members have in common. As a result, one would be able to identify an individual as a member of the class only after the Court had determined that the individual was a non-exempt employee. Second, the class description is entirely too broad. The class must be limited to similarly situated employees, but this class includes all salaried, non-exempt employees.

5

(3:03CV7458)

to authorize notice. See Briggs v. United States, 54 Fed. Cl. 205, 207 (Fed. Cl. 2002) (denying notice where claim was "highly fact-specific as to each plaintiff").

Moreover, as stated above, it is within the Court's discretion whether to authorize notice. The Court here, exercising that discretion, declines to authorize notice because to authorize the notice would not serve the interests of judicial economy. There is no indication that denying notice to the class will result in multiple suits. Indeed, no other Hinkle employees have attempted to join this suit, and Gammon presents no affidavits of individuals who would desire to become plaintiffs in this suit. See id. (denying notice where "plaintiffs . . . provided no substantial evidence that [duplicative or multiple] suits would occur[;] no consenters ha[d] joined [that] suit and no evidence exist[ed] indicating that the resources of this court [would] be taxed by an inordinate number of additional lawsuits"). The Court, therefore, declines to authorize notice to the proposed class, and Gammon's Motion is DENIED.

**III**

For the foregoing reasons, the Plaintiff Brenda Jeanette Gammon's Motion for Order Authorizing Notice to Class (Doc. No. 50) is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| July 26, 2005 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |